**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAZARIO CRUZ SANCHEZ,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | ) Case No. SACV 22-0982-FMO (JPR)<br>)<br>)<br>)<br>) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS FOR LACK OF SUBJECT MATTER<br>) JURISDICTION<br>)<br>) |

　　　On May 11, 2022, Petitioner filed a habeas petition, challenging his 2014 conviction in Orange County Superior Court for sexual intercourse with a child and related crimes. (See Pet. at 2 (the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) He claims that the trial court violated due process by allowing a professional witness to testify as an expert and by excluding evidence corroborating his defense. (See, e.g., id. at 5, 9-11.)

　　　This is not Petitioner's first federal habeas petition, however. On February 26, 2020, the Court denied on the merits his habeas petition challenging the same judgment, in case number SACV 17-1310-FMO (JPR). On May 17, 2021, the Ninth Circuit

1

denied his request for a certificate of appealability, finding that he had not made a "substantial showing of the denial of a constitutional right." Cruz-Sanchez v. Houston, No. 20-55311 (9th Cir. May 17, 2021). Nothing indicates that his state-court judgment has been modified in any way since the merits denial. (See, e.g., Pet., App'x A.)

The Antiterrorism and Effective Death Penalty Act provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

The Petition is successive within the meaning of § 2244(b) because it challenges the same judgment as the earlier petition denied on the merits. Under § 2244(b), then, Petitioner was required to secure an order from the Ninth Circuit authorizing its filing before he filed it. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). A review of the Ninth Circuit's docket indicates that he has not obtained such an order; indeed, he apparently has never even requested one.

Because it is successive and unauthorized, the Petition is SUMMARILY DISMISSED without prejudice to its refiling should Petitioner obtain the necessary permission from the Ninth Circuit.[1] See R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition[.]"); C.D. Cal. R. 72-3.2 (authorizing Magistrate Judge

---

[1] Ninth Circuit Rule 22-3(a) authorizes a judge to "refer" a habeas petition to the Ninth Circuit when it was "mistakenly" filed in the district court, but nothing about Petitioner's latest Petition indicates that he intended to file it in the Ninth Circuit. For that reason and because the Petition is likely untimely and meritless, the Court declines to refer or transfer the Petition to the Ninth Circuit.

to prepare summary-dismissal order for District Judge's signature).

DATED: June 29, 2022

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

*signature*

Jean Rosenbluth
U.S. Magistrate Judge